SHORT & CO. v. W. A. THREADGILL.

(No. 5036.)

APPEAL from McLennan County.    Opinion by WHITE, P. J.

*(Transferred from Austin.)*

HARRISON & MUNROE, counsel for appellants.

No counsel appeared for appellee.

§ 267. *Contract; letters and telegrams held to constitute a; duty of court in such case; case stated.* Appellants brought this suit to recover of appellee damages for the breach of an alleged contract. Verdict and judgment for appellee. The facts constituting the alleged contract are as follows: On December 18, 1884, appellee, by letter

offered to sell appellants from five to ten car-loads of corn at thirty-six cents per bushel. December 19th appellants answered that they would take six car-loads and to ship same immediately. On same date appellants wrote appellee a letter confirming the telegram as to six car-loads of the corn, and intimating that they might also take the other four car-loads. On the 20th December appellants by telegram informed appellee that they would take *ten* instead of *six* car-loads of the corn, and on the same day wrote to appellee to the same effect. On December 23d appellee wrote to appellants expressing some dissatisfaction on account of shortage in former dealings, and said he would not bind himself to any certain amount of corn, but also said, if everything proved satisfactory, he would do what he could to get all appellants wanted, and, unless he was notified in three days, would proceed to ship according to instructions. Appellants, on 24th day of same month, replied at length, claiming a contract for shipment of the ten cars of corn had been made at a certain price, and sent final shipping instructions and settled the shortage difference. To the terms of this letter appellee acquiesced, and on January 2, 1885, telegraphed appellants, "Loading two cars for you to-day." *Held:* The letters and telegrams above mentioned evidence a contract between the parties for the sale and purchase of ten car-loads of corn. "A proposal for a contract may be made in person, by agent, by telegraph, or by letter; and an assent to it may be given in the same manner. If the proposition is made by letter and sent by mail, the person making the offer may retract by a subsequent letter which reaches the opposite party at any time before an answer of acceptance is written and put in the mail. But as soon as such answer is put into the mail the contract is closed as to both parties. An acceptance by letter takes effect from the time when it was mailed, and not from the time of its receipt by the other party." [1 Wait's Ac. & Def. p. 86.] In this instance the telegrams and letters constituted a written contract between the parties,

and it was the duty of the court to so instruct the jury. It was error to submit the issue, as to whether or not said writings constituted a contract, to the decision of the jury. The issue was one of law and not of fact, and should have been decided by the judge.

February 26, 1887.          Reversed and remanded.